THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| TODD KENNETH HOROB,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Cause No.  CV 10-0037-BLG-RFC-CSO<br><br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

This matter comes before the Court on Plaintiff Todd Horob's Complaint (Court Doc. 1), Second Complaint (Court Doc. 3), and his Motion to Add Allegations to New Complaint.  (Court Doc. 4).

## I. PARTIES

Horob is a federal prisoner proceeding pro se.  He has paid the filing fee.  The only named Defendant is the United States of America.

## II. ALLEGATIONS

Horob's initial Complaint (dated February 8, 2010), his second

Complaint (dated April 9, 2010),[1] and his Motion to Add Allegations primarily contain allegations against the United States with regard to his recent federal conviction. (Criminal Action 08-CR-00093-RFC). Horob seeks release from custody and all judgments against him, punishment for those who allegedly perjured themselves against him, and monetary damages. (See Court Docs. 1, 3, and 4).

## III. PRELIMINARY SCREENING OF THE COMPLAINT

### A. Standard

Because Horob is a prisoner seeking redress from a governmental entity, his Complaints are subject to screening under 28 U.S.C. §

---

[1] Horob's first Complaint was received (and scanned ) by the Clerk of Court on February 12, 2010 unaccompanied by the filing fee or alternatively an application to proceed in forma pauperis. See Local Rule 3.1(a)(2). The original complaint was returned to Horob and he was instructed to resubmit the complaint with the filing fee or an application to proceed in forma pauperis. Horob later sent in just the filing fee but no Complaint. The Clerk's office subsequently received a letter from Horob indicating he had no access to the original Complaint as he was being moved around the Federal prison system. With that explanation, the Clerk filed the scanned copy of the Complaint (Court Doc. 1) and the matter was opened April 1, 2010. Horob filed his second Complaint on April 12, 2010. (Court Doc. 3). On April 9, 2010, Horob filed his Motion to Add Allegations to New Complaint. (Court Doc. 4). The Court will consider all three documents herein.

1915A, which imposes a prescreening responsibility on the district court.  This statute requires the Court to review a prisoner's complaint and dismiss it or portions thereof before it is served upon the defendants if it finds that the complaint is "frivolous", if it "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).

   A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell,* 127 S.Ct. at 1964 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).  A plaintiff's obligation to provide the grounds of his entitlement to relief requires "more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed2d 209 (1986). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 127 S.Ct. at 2200; *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

    Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.,* 622 F.2d 458, 460 (9th Cir. 1980)).

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-10-37-BLG-RFC-CSO / PAGE 4 OF 11

B. Analysis

Horob is seeking to overturn his federal conviction. His claims therefore fail for reasons set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id.*

Horob's conviction is currently on appeal to the Ninth Circuit Court of appeals.[2] It has not been reversed, declared invalid, expunged, or called into question. Thus, Horob has failed to state a claim upon which relief may be granted. This is not a defect which could be cured by amendment.

There are two claims which could potentially be outside the realm

---

[2] A court may take judicial notice of its own as well as other courts' records. *See, e.g.*, *Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); *Zolg v. Kelly (In re Kelly)*, 841 F.2d 908, 911 n.1 (9th Cir. 1988).

of Horob's conviction: (1) that "[t]he United States Government is holding Todd K. Horob in a mold and termite infested building and health risk." (Court Doc. 3, p. 3, ¶ 21); and (2) that "[t]he United States Government opened Todd Kenneth Horob's legal mail without Todd Kenneth Horob being present when legal mail was opened." (Court Doc. 4, p. 1, ¶ 2).

Presumably these claims have arisen since Horob has been in federal custody. These claims also fail as a matter of law. First, the inclusion of these claims in this lawsuit (where the majority of claims arise out of Horob's trial and conviction) violates Rule 20 of the Federal Rules of Civil Procedure. Rule 20(a)(2) permits joinder of defendants in a single action if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrence, and if any common question of law or fact will arise.

This rule imposes two specific requirements for the permissive joinder of parties: (1) a right to relief must be asserted against each defendant relating to or arising out of the same transaction or

occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action. *See* Fed.R.Civ.P. 20(a); *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1977). Horob's claims regarding his current conditions of confinement are too far removed from his claims regarding his conviction and should not be joined in this action.

These claims also fail because Horob named only the United States as a Defendant. With regard to the United States, subject matter jurisdiction requires both the existence of a federal question under 28 U.S.C. § 1331 and a waiver of sovereign immunity by the United States. *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1484 & n. 3 (9th Cir. ), cert. denied, 474 U.S. 919 (1985). There is a limited waiver of sovereign immunity under the Federal Tort Claims Act (FTCA) if Horob is seeking to bring tort claims against the United States. But this Court does not have jurisdiction over Horob's claim against the United States if the suit was filed before completion of the administrative review process. *See* 28 U.S.C. § 2401(b); *McNeil v.*

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-10-37-BLG-RFC-CSO / PAGE 7 OF 11

*United States*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

There is no indication Horob has complied with the FTCA's exhaustion requirement and it is unlikely he has done so given that he has been at his current place of incarceration for less than two months. (See Civil Action No. 1:09cv156-BLG-RFC-CSO, Court Doc. 13–Notice of Change of Address dated March 17, 2010).

If Horob is attempting to bring constitutional claims, he cannot do so under the FTCA. *See Pereira v. U.S. Postal Serv.*, 964 F.2d 873, 876-77 (9th Cir. 1992) (explaining that constitutional torts are not cognizable under the FTCA). If Horob is seeking to bring constitutional claims, he cannot do so against United States without a waiver of sovereign immunity. There is no such waiver in this case.

## IV. CONCLUSION

All claims pertaining to Horob's arrest, trial, and conviction are barred by the *Heck* doctrine and should be dismissed without prejudice. The Court lacks subject-matter jurisdiction to review either an FTCA or a constitutional claim against the United States and those claims should also be dismissed. Fed.R.Civ.P. 12(h)(3)

It may be possible to overcome the sovereign immunity issue with the amendment of claims and the naming additional defendants, but it would be futile to do so in this Court. Horob is incarcerated in Kansas. Thus, any defendants involved in his current conditions of confinement would live outside the state of Montana and this Court would not have personal jurisdiction over such individuals. Thus, granting leave to amend would be futile. See *Cato v. United States*, 70 F.3d 1103, passim (9th Cir. 1995) (after careful consideration court may properly conclude that amendment would be futile and dismiss without further leave to amend).

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. Horob's Motion to Amend (Court Doc. 4) should be **DENIED** as futile.

2. Horob's Complaint (Court Doc. 1) and Supplemental Complaint (Court Doc. 3) should be **DISMISSED WITHOUT PREJUDICE.**

3. The Clerk of Court should be directed to enter judgment pursuant to Fed.R.Civ.P. 58 and close this case.

4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to [Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure](...) that any appeal of this decision would not be taken in good faith.  The failure to state a claim and lack of subject matter jurisdiction is so clear that no reasonable person could suppose that an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to [28 U.S.C. § 636(b)(1)](...), Mr. Horob may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and

may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This Order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 27th day of April, 2010.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge