FILED
BILLINGS DIV.
2010 JUL 7 AM 10 14
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| TODD KENNETH HOROB, | CV 10-37-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | Order Adopting Findings and Recommendations of U.S. Magistrate Judge |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendations (*Doc. 5*) regarding the 28 U.S.C. § 1915A prescreening of Horob's Complaint (*Doc. 1*) and Second Complaint (*Doc. 3*). Magistrate Judge Ostby has also considered Horob's Motion to Add Allegations to His New Complaint (*Doc. 4*). Judge Ostby recommends the motion to amend be denied as futile and that the Complaint and Supplemental complaints be dismissed without prejudice.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Horob filed timely objections on May 10, 2010 (*Doc. 6*) and May 12, 2010 (*Doc. 7*) and again moved

1

to amend his Complaint on June 21, 2010 (*Doc. 8*). Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). For the following reasons, Horob's objections are overruled.

Horob's purported objections are nothing more than a laundry list of complaints and allegations unsupported by citations to legal authority. In any event, Judge Ostby is correct that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Since Magistrate Judge Ostby correctly took judicial notice of the fact that Horob's conviction is currently on appeal, none of these events could have transpired and any claims related to his conviction are barred.

Judge Ostby was also correct that Horob's claims relating to the conditions of his incarceration fail as a matter of law. First, those claims were improperly joined as a matter of law under Rule 20(a)(2) Fed.R.Civ.P. because they are too far

2

removed from the claim challenging Horob's conviction. Further, the only named Defendant is the United States, which can only be sued if it consents to be sued. *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1484 & n. 3 (9th Cir.), *cert. denied*, 474 U.S. 919 (1985). Although the United States consents to some suits through the Federal Tort Claims Act,(1) constitutional claims cannot be brought under the Federal Tort Claims Act, *see Pereira v. U.S Postal Service*, 964 F.2d 873, 876-77 (9th Cir. 1992), and (2) Horob has failed to exhaust his administrative remedies as required by the Federal Tort Claims Act. 26 U.S.C. § 2675(a).

Since these defects could not be cured by amendment, Horob's latest motion to amend must also be denied.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED:**

(1)   Horob's Motions to Amend (*Docs. 4 & 8*) are **DENIED as FUTILE**;

(2)   Horob's Complaints (*Docs. 1 & 3*) **are DISMISSED WITHOUT PREJUDICE**; and

(3)   The Clerk of Court shall cause the docket to reflect that this Court certifies pursuant to Rule 24(a)(3)(A) Fed.R.App.P. that any appeal of this ruling would not be taken in good faith.

The Clerk of Court shall notify the parties of the entry of this Order and enter judgment accordingly. No further filings from Horob in this matter will be accepted.

DATED this 7th day of July, 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE